# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7467 | **DATE** | May 1, 2012 |
| **CASE TITLE** | ADT Security Services, Inc. vs. Pinnacle Security, LLC | | |

**DOCKET ENTRY TEXT**

This ruling resolves one of four pending motions to compel [88, 90, 94, 96]. Plaintiff's motion to compel [88] is granted in part and denied in part. Parties have until May 14, 2012, to comply.

■[For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

In its motion to compel, Plaintiff seeks to compel Defendant to provide documents responsive to Request No. 15 of Plaintiff's First Request for Production of Documents and Request Nos. 14, 15, 20, 21, and 33 of Plaintiff's Third Request for Production of Documents. As a general matter, Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ." For discovery purposes, relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Even when information is not directly related to the claims or defenses identified in the pleadings, the information may still be relevant to the broader subject matter at hand and meet the rule's good cause standard. Despite this broad scope permitted by the federal rules, the court, exercising its broad discretion, has to consider the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court.

The motion is granted in part as to Request No. 15. Considering Plaintiff's allegations, the court agrees with Defendant that the scope of Request No. 15 is overly broad and agrees that the time period should be limited to 2008 to the present. However, the court does not agree with Defendant that it should be required to produce customer files of only those customers Defendant "knows was also a customer of ADT . . . ." (R. 88-2, Pl.'s Mot., Ex. B at 10.) This qualification suggests that Defendant will produce (or produced) files of customers only if Defendant had specific knowledge that such customer was an ADT customer prior to the vendor switch, but Plaintiff is entitled to all customer files from 2008 to the present of those former ADT customers who switched to Pinnacle. The court also does not agree with Defendant that the motion to compel as to this request should be considered moot because it "has now produced the customer files for Pinnacle customers who were formerly ADT customers and who have complained to Pinnacle about sales practice issues." (R. 106, Def.'s Resp. Br. at 3, 12.)

## STATEMENT

The court's concern is that by adding the limitation "who have complained to Pinnacle about sales practice issues," Defendant did not turnover customer files of those former ADT customers who switched during the relevant time period (2008 to present) but did not lodge any complaints about the sales practice. If the court's understanding of Defendant's statement is in error, Defendant is ordered to simply provide a written confirmation to Plaintiff that its production of customer files are of those former ADT customers who switched to Pinnacle since 2008 *and* information on those specific ADT customers who complained about Defendant's sales practices. If the court's interpretation is accurate, Defendant is ordered to supplement by providing the customer files of all former ADT customers who switched to Pinnacle since 2008.

The motion is granted in part and denied in part as to Request Nos. 14 and 15. Based on the information provided by the parties, the court cannot agree with Plaintiff that the purchase agreement or contract executed by Defendant and Golden Gate Capital ("GGC") is relevant to the claims or defenses in this case. However, the court agrees with Plaintiff that Defendant must produce documents responsive to Request No. 15 bearing the necessary designation pursuant to the protective order entered on June 13, 2011. Defendant's argument in opposition to the production of the responsive document has some facial appeal but the argument is undercut by the very fact that GGC and Defendant executives may have included certain incentive provisions in their agreement. Incentive clauses are effective tools to encourage individuals and entities to either maintain their known level of performance or to go beyond their expected level of performance. Also, Defendant's arguments are more suitable for a motion to exclude such evidence from trial or at closing argument. Defendant is ordered to provide a copy of the portion (or portions) of the agreement (or agreements) that details and specifies the earn-out incentives.

The motion is denied as to Request Nos. 20, 21 and 33. The court agrees with Defendant that Plaintiff has not provided a sufficient basis to show that these records are relevant to the claims or defenses. The court is mindful of the fact that the parties are competitors. Defendant makes a compelling argument that it should not be forced to open-up its sensitive information to a very large competitor merely because that competitor has filed a lawsuit. Plaintiff's speculation that it may discover sources of Defendant's motivation for engaging in deceptive practices are not sufficient justification under the circumstances of this particular case. The court is persuaded that some financial information is necessary for Plaintiff's expert to put a price tag on Defendant's alleged wrongful conduct, calculate Plaintiff's damages and the amount of profit that may be subject to disgorgement. However, a thorough-top-to-bottom financial records and audit reports going back to 2004 are not necessary to provide the information Plaintiff's expert needs to compute these figures. Accordingly, the court will not force Defendants to turnover these financial documents and audit reports but the court will permit Plaintiff to consult with its damages expert and to identify the specific financial information the expert needs (from 2008 to the present) to calculate damages by no later than May 14, 2012. Defendant will then have until May 21, 2012, to provide the specific information sought with the proper designations or to file a motion for protective order why it should be excused from tendering the document/information sought by Plaintiff.