# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7467 | **DATE** | May 7, 2012 |
| **CASE TITLE** | ADT Security Services, Inc. vs. Pinnacle Security, LLC | | |

**DOCKET ENTRY TEXT**

This ruling resolves one of three pending motions to compel [90, 94, 96]. Plaintiff's motion to compel [90] is granted in part and denied in part. Plaintiff is entitled to depose Christopher Munday and a designee from Golden Gate Capital, L.P. The parties are ordered to schedule these last two fact depositions by no later than May 14, 2012, to be completed by May 31, 2012.

■[For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

In its motion to compel, Plaintiff seeks an order to clear the way for it to depose McWayne Mumford, Wayne Tomlinson, Christopher Munday and a designee from Golden Gate Capital, L.P. ("GGC"). As to Munday and the GGC designee, Plaintiff argues that it is entitled to depose them under the agreement the parties reached as to the number of third-party depositions. As to all four individuals, Plaintiff argues that it should be granted leave pursuant to Federal Rule of Civil Procedure 30(a)(2) to depose them. The court has broad discretion over discovery matters, *see Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004), and Federal Rule of Civil Procedure 26(b)(2) states that, "the court must limit the frequency or extent of discovery" if it concludes that the requested discovery "is unreasonably cumulative or duplicative" or can be obtained from a less burdensome source, the requesting party squandered previous opportunities to obtain the information, or the expense of the proposed discovery outweighs its likely benefits.

**Rule 26(f) Report**

The court finds that Plaintiff is entitled to depose Munday and a GGC designee pursuant to the discovery plan agreed upon by the parties. On April 11, 2011, the parties filed their Rule 26(f) report which described their agreed discovery plan. The report shows that the parties agreed to exceed the number of depositions permitted under Rule 30(a) and that they stipulated to the following:

> Due to the number of issues involved in the litigation, the Parties propose that each side be permitted to depose any customer whose complaint serves as a basis for an asserted claim and the sales representative(s) involved in said interaction. Each side is also permitted to take five depositions of third party witnesses. Finally, each side is permitted to take ten other depositions in its discretion. Should a party seek additional depositions, the Parties agree to confer in good

faith to resolve said issue and the Parties agree that leave may be sought to conduct additional depositions.

(R. 23 at 1-2.) As such, the parties stipulated to certain number of depositions under three separate categories. The court will refer to these three categories as "unlimited," "third-party" and "discretionary" in this order.

According to Plaintiff, it is entitled to depose Munday and a GGC designee as third-party witnesses because it still has four of the five depositions allotted under the "third-party" category. (R. 90, Pl.'s Mot. at 14.) Defendants disagree and assert that Plaintiff used up all five under the "third-party" category by deposing R.T. Hwang, Jaime Cline, Mike Puglia, Adam Scrivner and B.J. Savage. (R. 103, Def.'s Resp. Br. at 4.) In defending its stance, Plaintiff argues that four of these five depositions should not be charged to the "third-party" category because all four deponents (Cline, Puglia, Scrivner and Savage) were Defendant Pinnacle's sales representatives and thus their depositions fall under the "unlimited" category. (R. 90, Pl.'s Mot. at 14.) Plaintiff further argues that even if Cline, Puglia, and Scrivner are charged to the "third-party" category, Plaintiff is entitled to depose at least one more third-party witness because Savage is an employee of Pinnacle and therefore not a third-party witness. (Id.)

The court finds that Plaintiff should be permitted to depose Munday and a GGC designee as its last two depositions under the "third-party" category. The court agrees with Defendants that the depositions of Cline, Puglia, Scrivner, and Savage do not fall under the "unlimited" category. As Defendants correctly argue, the "unlimited" category is reserved for deposing customers who terminated their home security contracts with Plaintiff and switched to Pinnacle and for those particular sales representatives involved in the service switch. However, the depositions of Scrivner and Savage should not be charged to the "third-party" category. Plaintiff deposed Scrivner in October 2011, but the deposition did not produce helpful information on several substantive topics because Scrivner invoked his Fifth Amendment privilege against self-incrimination. (R. 90, Pl.'s Mot., Ex. K.) Plaintiff should not be penalized for Scrivner's decision and is entitled to take another third-party deposition to fill in the gaps left open by his refusal to answer substantive questions. Also, the deposition of Savage should not be counted under the "third-party" category because Defendants admit in their response that Savage is a "regional sales manager" for Pinnacle, (R. 103, Def.'s Resp. Br. at 4), and his deposition thus falls under the "discretionary" category. Because the depositions of Scrivner and Savage will not be charged to the "third-party" category, Plaintiff is entitled to take two more third-party depositions.

As for Mumford and Tomlinson, Plaintiff is not entitled to take their deposition under the agreed-upon discovery plan. According to the information provided by the parties, Plaintiff deposed the following individuals under the "discretionary" category: (1) Defendant's corporate designee; (2) Kelly Walker; (3) Jared Campbell; (4) Steve Zolman; (5) Steve Hafen; (6) John Barlow; (7) Richard Goates; (8) William Pratt; (9) David Brotherson; and (10) Doug Robinson. The court removes David Brotherson from this category because he also invoked his Fifth Amendment privilege. But because Plaintiff has not provided any information from which this court could conclude that Danny Brotherson was deposed in connection with a specific service sales transaction—which would qualify his deposition to fall within the "unlimited" category—the court concludes that his deposition takes the tenth spot in the "discretionary category." Having exhausted its allotment of discretionary depositions, Plaintiff is only entitled to depose Mumford and Tomlinson if it can clear Rules 26(b)(2) and 30(a)(2).

**Rules 26(b)(2) and 30(a)(2)**

Pursuant to Rule 30(a)(2), a party seeking to take more than 10 depositions must first seek leave of court absent a stipulation from the opposing party. The 10-deposition limitation was added to Rule 30 in 1993 to provide the

| STATEMENT |
|---|

trial courts with more control over the supervision of discovery and to increase efficiency by reducing discovery costs. Fed. R. Civ. P. 30(a)(2), Advisory Committee Notes, 1993. The court "must grant leave" to take more than 10 depositions if permitting additional depositions would be consistent with Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2). Under Rule 26(b)(2)(C), the court must limit the extent of discovery if it determines that one of the following applies:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> 
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> 
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The court must consider the "totality of the circumstances" when determining whether any of these situations are applicable here. *Patterson v. Avery Dennison Corp.*, 218 F.3d 676, 681 (7th Cir. 2002). According to Plaintiff, Mumford and Tomlinson are Pinnacle employees responsible for executing certain aspects of the Master Account Purchase Agreement ("MAPA") and the amendment thereto. (R. 90, Pl.'s Mot. at 10.) (To protect confidential information, the court is doing its best to avoid being too specific about certain information the parties have provided. If any portion of this order should be revised in order to further that objective, the parties must contact the court immediately.) Plaintiff believes that these witnesses have information relevant to the issues in this case based on the deposition testimony of Walker—Defendant's former President and CEO—describing their duties and responsibilities in connection with the MAPA and dealings with Plaintiff. (R. 90, Pl.'s Mot. at 10, Ex. A at 258-59.)

Defendants argue, among other things, that Plaintiff should not be allowed to depose Mumford or Tomlinson because, according to them, Plaintiff squandered the depositions it was allotted by agreement. (R. 103, Def.'s Resp. Br. at 11-12.) Defendants further assert that Plaintiff is abusing the escape clause in their discovery agreement on the number of depositions by first using its allotted depositions on insignificant witnesses and then waiting to invoke the escape clause on significant witnesses. Based on the information Plaintiff provided in its reply, (R. 117, Pl.'s Reply Br. at 5-7), the court does not agree that Plaintiff squandered its allotted depositions but agrees with Defendants that Plaintiff has had ample opportunity to obtain the information it now seeks to acquire through the depositions of Mumford and Tomlinson.

Plaintiff's central argument in support of its request for additional depositions is that this is a "highly complex case" and "there is simply no way to obtain information related to these areas with the ten witness and five third-party witness depositions provided for in the [Rule 26(f)] Report." (R. 90, Pl.'s Mot. at 11.) This argument rings hollow. Plaintiff is the party that in November 2010 filed a complaint alleging "three separate sets of claims[,]" (Id.), fully knowing that it bears the burden of proving this "highly complex case." Through their planning meeting more than a year ago on April 1, 2011, Plaintiff voluntarily agreed to exceed the 10-deposition limitation and agreed to the number of depositions under the "third-party" and "discretionary" categories. The court commends the parties for having the foresight to address the deposition limitation early on, and for identifying the three categories and agreeing to the number of depositions under each category. But Plaintiff had the ability to take Rule 30(b)(6) depositions covering multiple subjects (including the MAPA and its later amendment—the very subjects Plaintiff now seeks to cover with Mumford and Tomlinson—to bind Defendants to certain answers,

| STATEMENT |
|---|
| and it must acknowledge that several such depositions could have counted as one under the "discretionary" category even if Defendants designated and produced multiple witnesses. If Defendants failed to comply with Rule 30(b)(6) by providing inadequately informed witnesses, Plaintiff could have brought a motion to compel compliance until Defendants produced 30(b)(6) witnesses who were adequately prepared. *See Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2009 WL 395793, *7 (C.D. Ill. Feb. 18, 2009). Plaintiff has not demonstrated that it was restricted in using Rule 30(b)(6) to discover the information it now seeks. Under these circumstances, the court finds that Plaintiff "has had ample opportunity to obtain the information by discovery in the action[,]" Fed. R. Civ. P. 26(b)(2)(C)(ii)), and therefore denies Plaintiff's request for leave to depose Mumford and Tomlinson. |