Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7467 | **DATE** | May 11, 2012 |
| **CASE TITLE** | ADT Security Services, Inc. vs. Pinnacle Security, LLC | | |

**DOCKET ENTRY TEXT**

This ruling resolves one of two pending motions to compel [94, 96]. Plaintiff's motion to compel [94] is granted in part and denied in part. Defendant Pinnacle has until May 31, 2012, to comply with this order.

■[For further details see text below.]           Notices mailed by Judicial staff.

## STATEMENT

In its motion to compel [94], Plaintiff seeks an order requiring Defendant Pinnacle to re-do its search for responsive ESI. Plaintiff asserts that Pinnacle failed to adequately preserve its ESI because it did not issue a litigation hold notice to its employees in response to this lawsuit. (R. 94, Pl.'s Mot. at 8-9.) Plaintiff also asserts that Pinnacle failed to conduct a proper search for ESI in response to its four sets of document requests. In making this assertion, Plaintiff relies on the considerable disparity in the volume of ESI it produced to Pinnacle and the volume of ESI Pinnacle produced to Plaintiff. (Id. at 8-9.) Plaintiff also relies on the fact that Pinnacle admittedly failed to search individual employee computers and back-up tapes. (Id. 6-7.)

Pinnacle opposes the motion and asserts that it "went beyond" what was required of Pinnacle to ensure the production of "all relevant information." (R. 104, Def.'s Resp. Br. at 3.) In response to the allegation that Pinnacle failed to adequately preserve relevant ESI, Pinnacle counters that it did not have to issue a litigation hold notice specifically for this case because even before this lawsuit was filed, it had already implemented a blanket "no-delete" policy to preserve all ESI. (Id. at 3, Ex. B at 2.) In response to the allegation that Pinnacle failed to conduct a thorough search for responsive ESI, Pinnacle explained the steps it took to search for relevant ESI and detailed its computer system to support its argument that by having searched its network server, it necessarily searched individual employee computers. Pinnacle also explained that the reason for the alleged disparity between the volume of ESI it produced and the volume of ESI Plaintiff produced is because Pinnacle took the time to cull through its ESI to eliminate duplicates.

The court treats Plaintiff's motion to compel as a motion to compel Pinnacle to supplement its responses to Plaintiff's third production request ## 24-30. Plaintiff failed to identify in its motion the specific discovery requests to which it believes it is entitled to additional responses. But, because Pinnacle understood the motion as a motion to compel additional documents to Plaintiff's third production request ## 24-30, the more equitable approach to take here is to limit the scope of the motion instead of denying the motion in toto. In its request ##

## STATEMENT

24-30, Plaintiff asked Defendant Pinnacle to conduct an ESI search of correspondences of Zolman, Walker, Chappel, Savage, Christofferson, Goates and Pratt using contain certain key words. (R. 94-3, Pl.'s Mot. Ex. C at 9-11.)

Having considered the arguments of the parties and having reviewed the submissions, the motion is granted in part and denied in part. The court determines that Pinnacle may have met its obligations to preserve relevant ESI. A review of Robert Brinkerhoff's (Pinnacle's Computer Operations Manager) affidavit shows that a month before Plaintiff filed this action, Pinnacle implemented a blanket "no-delete" policy "to preserve data and electronically stored information on its computers and servers[,]" (R. 104, Def.'s Resp. Br. Ex. B at 1), in connection with other on-going litigation. Pinnacle also began to use a back-up system in October 2010 to save all emails passing through its mailbox server. As such, Pinnacle asserts that its no-delete policy is more comprehensive than any litigation hold notice Pinnacle could have issued in response to this lawsuit and that it has preserved all relevant ESI since a month before the filing of this lawsuit. Plaintiff replied that this no-delete policy is not an adequate substitute for a litigation hold notice because the policy only applies to emails sent and received since October 2010. This argument has some merit because Brinkerhoff's affidavit lacks certain key information such as how the policy was implemented in October 2010, and the scope of the "no-delete" policy. If the policy applies to any and all ESI as it existed on the system and employee computers as of October 2010, such blanket policy would be more comprehensive than a litigation hold notice specific to this case. So, to address this shortfall in information, Pinnacle is ordered to provide Plaintiff with a second affidavit from Brinkerhoff detailing the following information: (1) how Pinnacle implemented the "no-delete" policy in October 2010; (2) the scope of the policy; (3) how Pinnacle communicated the policy to its employees; and (4) the content of the communication detailing the policy (or attach a copy of the communication).

The court agrees with Plaintiff that by failing to manually search each individual computers of Zolman, Walker, Chappel, Savage, Christofferson, Goates and Pratt, Pinnacle failed to conduct a proper search for the requested correspondence. Pinnacle argues that because all documents and files created and/or saved by its employees on their company computers are saved to the "My Documents" folder by default and because these folders are saved to the network server, its search of the network server for certain ESI also amounted to a search of the individual company computers. Pinnacle's explanation makes sense but Pinnacle did not offer any assurance that the named individuals followed the default setting and that they did not save any ESI in personal folders or folders outside the "My Documents" folder. As such, Pinnacle must perform a search of the employee computers of the named individuals using the key words identified in Plaintiff's third request for production ## 24-30. If any of the target computers have been replaced since December 16, 2011 (the date of Plaintiff's service of the third request for production of documents), Pinnacle is required to also provide an affidavit explaining the circumstances associated with a new computer being issued to one or more of the listed individuals and any potential loss of ESI from the old computer. However, there is no legitimate basis for requiring Pinnacle to re-do its extensive ESI search. There is also no legitimate basis for requiring Pinnacle to search the back-up tapes for the requested ESI because there is no evidence to suggest that Pinnacle's network server was in some way compromised.