# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7467 | **DATE** | May 11, 2012 |
| **CASE TITLE** | ADT Security Services, Inc. vs. Pinnacle Security, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel [96] is denied. The court recommends that Plaintiff file a motion to enforce the subpoena in question as soon as possible so that the issuing court may decide whether the subpoena should be quashed on the basis that it requires the disclosure of protected matter. *See Fed. R. Civ. P. 45(c)(3)*.

■[For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

In its motion to compel, Plaintiff seeks one of the following forms of relief: (1) compel Defendant Pinnacle to produce the entire unredacted settlement agreement between Pinnacle and Monitronics International ("Monitronics"); (2) compel Pinnacle's attorneys, Mitchell & Barlow, P.C., to produce the Monitronics agreement; or (3) compel Pinnacle to withdraw its objections to the Mitchell & Barlow subpoena. In November 2010, Plaintiff brought this lawsuit alleging, among other things, that Defendants breached the parties' Master Account Purchase Agreement ("MAPA") and that such breach requires Pinnacle to pay $2,000 in liquidated damages for each customer account Pinnacle improperly converted. In January 2012, the parties filed an agreed motion to extend the fact discovery deadline and to modify the scheduling order. (R. 45.) In moving to extend the deadline, the parties agreed to the following:

> No more written discovery will be propounded by the parties except that the parties may propound additional written discovery related to (1) the affirmative defense amendments that Pinnacle intends to pursue (see paragraph 13) and (2) discovery of any document identified for the first time during a deposition provided that the documents should have been disclosed previously pursuant to Rules 26, 33, or 34.

(R. 45 at 4.) The parties further agreed that, "Defendants may amend their answer . . . in order to assert the affirmative defenses of (1) unenforceability, (2) impracticability and (3) waiver/estoppel. Plaintiff shall be entitled to request all documents related to these affirmative defenses . . . ." (Id. at 5.) The assigned district judge granted the motion on January 19, 2012. (R. 47.)

On February 8, 2012, Defendants amended their answer and asserted as their 16th affirmative defense that, "to the extent that Plaintiff seeks liquidated damages, the provision is unenforceable." (R. 66 at 83.) The next day, Plaintiff served its fourth request for production of documents on Pinnacle specifically asking for "[a]ll

communications or documents or communications that relate to, refer to, or support Defendants' sixteenth affirmative defense of unenforceability . . . ." (R. 123, Pl.'s Reply at 3.) On February 24, 2012, Pinnacle responded that, "[s]ubject to and without waiving . . . objections, and to the extent responsive documents have not been produced, Defendants will produce any additional documents concurrently herewith." (Id.) That same day, Plaintiff deposed John Barlow. (R. 96, Pl.'s Mot. at 2.) Barlow was Pinnacle's general counsel from October 2007 to June 2008. (R. 97 at 18-19.) Plaintiff questioned Barlow about a memo that Pinnacle's compliance department sent to the members of Pinnacle's management in February 2009. (Id. at 123-24.) In particular, the memo referenced Pinnacle's prior settlements with Plaintiff and with Monitronics and the amount of money Pinnacle was obligated to pay to Plaintiff and Monitronics for each customer account Pinnacle improperly converted. (Id., Ex. 3, PIN-ADT 110224.) When asked about the Monitronics settlement agreement and the provisions about liquidated damages, Barlow was unable to recall any specifics. (R. 97 at 125-29.) Barlow did testify that with regard to Pinnacle's settlement with Plaintiff, Pinnacle intended the MAPA to be consistent with the settlement agreement between Pinnacle and Plaintiff and that he used the language from the agreement, including its liquidated damages provision, when drafting the terms of the MAPA. (R. 97 at 130, 138-40, 142-43.) After the deposition, Plaintiff subpoenaed Barlow's law firm for a copy of the Monitronics settlement agreement. (R. 96, Pl.'s Mot., Ex. B.) The subpoena was issued by the United States District Court for the District of Utah on March 5, 2012. (Id.) A week later, Mitchell & Barlow objected to the subpoena on two grounds: (1) the subpoena violates the discovery plan agreed to by the parties on January 19, 2012; and (2) the subpoena requires the disclosure of a confidential document. (R. 102, Defs.' Resp. Br., Ex. B.)

Plaintiff argues that the Monitronics agreement is relevant to refuting Pinnacle's 16th Affirmative Defense. (R. 96, Pl.'s Mot. at 4.) Plaintiff believes, based on Barlow's deposition testimony, that the agreement contains a liquidated damages provision that is identical to the one in the MAPA and that such provision undermines Defendants' position that the MAPA's liquidated damages provision is an unenforceable penalty provision. (Id. at 2, 4-5.) In response to the motion, Pinnacle does not dispute the relevance of the Monitronics agreement but asserts that Plaintiff's subpoena amounts to an untimely discovery request and that it seeks the disclosure of a confidential document. (R. 102, Defs.' Resp. Br. at 2.)

The motion to compel is denied for two reasons. One, Plaintiff failed to show that this court has jurisdiction over Mitchell & Barlow and whether Mitchell & Barlow must respond to a subpoena issued by the District of Utah. Two, Plaintiff failed to establish a legitimate basis for compelling Defendant Pinnacle to produce a copy of the Monitronics agreement. Plaintiff referenced its fourth request for production of documents in its reply brief for the first time but its argument that it is entitled to the agreement in response to the fourth request is not persuasive. The proper course to take to address the lack of response to the subpoena is for Plaintiff to file a motion to enforce the subpoena in the District of Utah so that the issuing court can rule on Mitchell & Barlow's objection that the subpoena requires the disclosure of a document that is subject to confidentiality.

The court does find that Pinnacle's objection—that the Mitchell & Barlow subpoena violates the agreement the parties reached on January 19, 2012—to be without merit. The parties did stipulate and agree "[n]o more written discovery will be propounded by the parties . . . ." (R. 45 at 4.) But the parties also agreed to two exceptions to this general bar: (1) the parties may propound additional discovery related to Pinnacle's affirmative defense amendments; and (2) the parties may discover any documents identified for the first time during a deposition provided that such document should have been previously disclosed in response to a request. (Id.) The second exception does not apply to the situation at issue because Plaintiff has not demonstrated that Pinnacle should have disclosed the Monitronics agreement in response to a previous request. However, the first exception applies here. The plain reading of the exception allows Plaintiff to seek those documents that are relevant to investigating Pinnacle's amended affirmative defenses. As such, the Mitchell & Barlow subpoena does not violate the court's

| **STATEMENT** |
|---|
| order or the parties' agreement dated January 19, 2012. |