# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7467 | **DATE** | June 5, 2012 |
| **CASE TITLE** | ADT Security Services, Inc. vs. Pinnacle Security, LLC | | |

**DOCKET ENTRY TEXT**

Defendant Pinnacle Security, LLC's motion for a protective order [133] is granted because Plaintiff's request for financial projections in its letter dated May 14, 2012, to Pinnacle is not consistent with the court's ruling of May 1, 2012. Pinnacle is not obligated to provide the financial projection data Plaintiff seeks in its May 14, 2012 letter. Pinnacle's motion to strike [144] is denied. The court however considered the arguments raised in Pinnacle's motion in ruling on its motion for protective order.

■[For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

In its third request for production of documents, Plaintiff requested that Defendant produce "all periodic financial statements of Pinnacle including profit and loss statements (income statements or statements of operations), balance sheets, and statements of cash flows" and "Pinnacle's general ledger (including chart of accounts) and any subsidiary ledgers" for the period since 2004. (R. 134-1, Mot., Ex. 1 at 8-9.) Plaintiff also asked for "[a] copy of any audit of Pinnacle performed by KPMG" since 2007. (Id. at 11.) On March 30, 2012, Plaintiff moved to compel Pinnacle to respond to these requests and other requests. (R. 88, Plaintiff's Mot. to Compel.) Plaintiff argued that these financial statements and audits would shed light on Pinnacle's business practices and incentives to encourage deceptive sales practices, detail the investigations and lawsuits pending against Pinnacle, and "enable [Plaintiff] to calculate its damages under the Lanham Act for profit Pinnacle generated through deceptive sales." (R. 88 at 5.) Plaintiff further explained that Plaintiff's "expert requires this profit and loss information" to calculate damages and to determine the amount of profits to be disgorged. (R. 88 at 9.) Plaintiff did not ask for any financial projections and did not assert that its experts required the projections to calculate damages.

After considering the arguments of the parties, the court agreed in part with Plaintiff that some financial information would be necessary for Plaintiff's expert to calculate damages and the amount to be disgorged as ill-gotten profit. (R. 124.) In order to permit this limited inquiry, the court directed Plaintiff to ask for "the specific financial information the expert needs . . . to calculate damages by no later than May 14, 2012." (Id.) Given the circumstances leading up to the motion to compel and the context of the court's ruling, the purpose of the court's direction was to limit the scope of the outstanding requests to the financial data Plaintiff's expert needs to calculate damages. The purpose of the ruling was not to re-open fact discovery on damages or to permit Plaintiff to redraft its requests for production of documents.

On May 14, 2012, Plaintiff sent a letter to Pinnacle asking for certain categories of financial information pursuant to this court's order of May 1, 2012. (R. 134-2.) In its letter, Plaintiff asked for five categories of financial

## STATEMENT

information.  (Id.)  In categories 1 and 2, Plaintiff asked for various revenue figures.  (Id.)  In categories 4 and 5, Plaintiff asked for various cost figures.  (Id.)  These figures are certainly necessary to determine Pinnacle's profits and losses.  However, Plaintiff also asked for *financial projections* in category 3.  Plaintiff now argues that its expert must "consider the difference between Pinnacle's *actual* and *projected* profits each year to verify the amount of profits that Pinnacle must disgorge."  (R. 141, Pl.'s Resp. at 7 (emphasis in original).)  Plaintiff did not explain the significance of this "verification" and did not attach any affidavits from any experts that this information was necessary.  Notably, Plaintiff did not dispute Pinnacle's argument that Plaintiff never asked for this information prior to the court's May 1, 2012 order.

While asking for the revenue and cost information is consistent with Plaintiff's earlier position in its motion to compel ("profit and loss information") and such information falls within the scope of what Plaintiff asked for in its third request for production of documents, financial projections were never mentioned before and never requested.  As correctly argued by Pinnacle, asking for financial projections is not consistent with this court's May 1, 2012 ruling.  Accordingly, Pinnacle's motion for a protective order is granted.