# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7467 | **DATE** | 7/11/2012 |
| **CASE TITLE** | ADT Security Services, Inc. vs. Pinancle Security, LLC et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained below, plaintiff ADT Security Services, Inc.'s "Objections to Magistrate Judge Young B. Kim's May 11, 2012 Orders" [138] are overruled. Enter Standing Order relating to the Discovery of Electronically Stored Information. Pursuant to that Order, the parties are to have their e-discovery liaisons meet and confer regarding outstanding discovery disputes. If, after the e-discovery liaisons confer, ADT still believes Pinnacle has not complied with its obligations, it may file a motion before Magistrate Judge Kim.

■ [ For further details see text below.]                                                                                           Docketing to mail notices.

## STATEMENT

On February 8, 2011, plaintiff ADT Security Services, Inc. ("ADT") filed its First Amended Complaint (Dkt. No. 17) alleging, among other things, that defendants Pinnacle Security, LLC, Pinnacle Security CA, LP, Kelley E. Walker, and Steven P. Zolman (collectively "Pinnacle") misappropriated ADT's customers in violation of the Master Account Purchase Agreement ("MAPA") entered into between Pinnacle and ADT. Pending before the court is ADT's objections (Dkt. No. 138) to Magistrate Judge Kim's resolution of several discovery disputes between the parties (Dkt. Nos. 129, 130). For the reasons explained below, ADT's objections are overruled.

Because Magistrate Judge Kim's orders are non-dispositive, under the law the court should affirm them unless the orders are "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). The court will apply that standard to each of ADT's objections in turn.

### I.    Pinnacle's Duty of Preservation

ADT first objects to Magistrate Judge Kim's failure to hold that Pinnacle violated its duty to preserve relevant information by failing to issue a litigation hold in connection with this litigation, but instead implementing a blanket "no-delete" policy to preserve data on its computers and servers. (Dkt. No. 129, at 2.) Instead, Magistrate Judge Kim held that the record contained insufficient information about Pinnacle's policy to evaluate Pinnacle's compliance with its preservation obligations, and ordered Pinnacle to supply additional affidavits describing the policy. (*Id.*) Pinnacle has since provided three additional affidavits detailing its policy. (Dkt. No. 149, Exs. A-C.)

Magistrate Judge Kim has not ruled on Pinnacle's compliance with its preservation obligations in light of these affidavits. The court will not address those affidavits and their implications for Pinnacle's compliance with its preservation obligations *de novo*. Accordingly, ADT's objections to Magistrate Judge Kim's ruling

## STATEMENT

ordering additional affidavits are overruled. In addition, the court will enter its Standing Order Relating To The Discovery Of Electronically Stored Information. Pursuant to that Order, the parties are to have their e-discovery liaisons meet and confer regarding the sufficiency of Pinnacle's no-delete policy in complying with its preservation obligations. If, after the e-discovery liaisons confer, ADT still believes Pinnacle has not complied with its obligations, it shall file a motion before Magistrate Judge Kim.

In light of the meeting of the e-discovery liaisons, the court also overrules ADT's objection to Magistrate Judge Kim's failure to order Pinnacle to designate another Rule 30(b)(6) witness knowledgeable about the company's ESI searches, document holds, and document retention policies. If ADT has remaining unanswered questions after the e-discovery liaisons meet, it may file another motion requesting further necessary depositions.

## II.     ADT's Request that Pinnacle Redo its ESI Search

ADT next objects to Magistrate Judge Kim's ruling on ADT's motion seeking to compel Pinnacle to redo its search for responsive ESI. ADT's motion contends that the ESI search Pinnacle performed in response to ADT's four sets of document requests was insufficient. Specifically, ADT contends that Pinnacle failed to search individual employee computers and backup tapes, and notes that there is a considerable disparity between the volume of ESI discovery Pinnacle produced and the volume ADT produced, suggesting that Pinnacle has not produced enough.

Usually, "[a] motion to compel discovery or disclosure should both identify specifically the portions of the responses that are inadequate, and explain, at least briefly, what is missing or what kind of information would be necessary to make the responses adequate." 7 Wayne D. Brazil, *Moore's Federal Practice - Civil* § 37.05[5] (3d ed. rev. 2012.). Here, Magistrate Judge Kim applied that rule and found that "there is no legitimate basis for requiring Pinnacle to re-do its extensive ESI search" based on only a general assertion that documents must be missing. (Dkt. No. 129, at 2.) Rather than denying the motion outright, however, Magistrate Judge Kim narrowed its scope equitably and ordered Pinnacle to redo its search of seven employee computers for which there was evidence that they contained particular correspondence that may have been missing from the initial production.

Magistrate Judge Kim's approach was reasonable, and thus was not clearly erroneous or contrary to law. The seven computers that Magistrate Judge Kim ordered searched belonged to individuals whose correspondence ADT had specifically requested in its discovery requests through the provision of specific search terms. (Dkt. No. 94, Ex. C ¶¶ 24-30.) Its motion to compel attempts to force Pinnacle to search the computers of ten additional employees using additional search terms that were not identified in its discovery requests. ADT contends that its motion to compel does not expand its original discovery requests because Pinnacle should have searched these employees' computers and used these search terms in response to ADT's general inquiries (such as its request for "[a]ll documents relating to, referring to or constituting communications regarding Pinnacle's strategy for acquiring new customers" (Dkt. No. 94, Ex. A ¶ 14) and other similar broadly worded requests). These general inquiries violate the principle that " [t]o further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable." Seventh Circuit Electronic Discovery Committee, *Principles Relating to the Discovery of Electronically Stored Information*, Principle 1.03 (2010). Magistrate Judge Kim did not act unreasonably in applying this principle and holding that Pinnacle need not have responded to such broad, burdensome requests. His ruling that Pinnacle thus need not respond to additional requests in the motion to compel that were not specifically identified in ADT's earlier discovery requests was therefore not clearly erroneous or contrary to law.

## III.    The Monitronics Settlement Agreement

## STATEMENT

ADT next asks that the court reverse Judge Kim's decision refusing to order Pinnacle to turn over a copy of a settlement agreement it signed with Monitronics International (the "Monitronics Agreement").

ADT claims that it is entitled to recover $2,000 for each customer account that Pinnacle improperly converted under the MAPA's liquidated damages clause. Pinnacle's 16th affirmative defense asserts that the liquidated damages clause is unenforceable as a penalty. (Dkt. No. 66, at 83.) According to ADT, the Monitronics Agreement is relevant to its efforts to refute that defense, because it includes a liquidated damages clause that may tend to show the reasonableness of the MAPA's liquidated damages clause. *See Kinkel v. Cingular Wireless LLC*, 857 N.E.2d 250, 268 (Ill. 2006) ("Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." (citations omitted)).

ADT's motion seeking the Monitronics Agreement was filed on March 30, 2012 (Dkt. No. 96), well after the original close of fact discovery on January 31, 2012. (Dkt. No. 24). ADT seeks the Agreement, however, under the January 19, 2012 amendment to the scheduling order (Dkt. No. 47), in which the court adopted the parties' agreed modification providing that:

> No more written discovery will be propounded by the parties except that the parties may propound additional written discovery related to (1) the affirmative defense amendments that Pinnacle intends to pursue (see paragraph 13) and (2) discovery of any document identified for the first time during a deposition provided that the documents should have been disclosed previously pursuant to Rules 26, 33 or 34.

(Dkt. No. 45 ¶ 9.) Paragraph 13 provides that:

> Defendants may amend their answer by January 31, 2012 in order to assert the affirmative defenses of (1) unenforceability, (2) impracticability and (3) waiver/estoppel. Plaintiff shall be entitled to request all documents related to these affirmative defenses pursuant to Fed. R. Civ. P. 34 (and as set forth in Paragraph 9 above). Defendants shall respond to any request for documents within seven (7) days of their receipt of the request.

(*Id.* ¶ 13.) Pinnacle filed its amended answer on February 8, 2012 (ADT did not object to the late filing) asserting its 16th affirmative defense of unenforceability. (Dkt. No. 66.)

On February 9, 2012, ADT served its fourth document request on Pinnacle, seeking "[a]ll . . . documents . . . that relate to, refer to, or support Defendants' sixteenth affirmative defense of unenforceability." (Dkt. No. 123, at 2.) Pinnacle responded to that request on February 24, 2012, but did not produce the Monitronics Agreement. (*Id.* at 2-3.) That same day, ADT deposed John Barlow, Pinnacle's general counsel at the relevant times, and learned from him of the existence of the Monitronics Agreement and the similarity of its liquidated damages clause to that in the MAPA. (Dkt. No. 96, at 2-3.) On March 5, 2012, ADT issued a subpoena seeking the Monitronics Agreement out of the District of Utah to Mitchell & Barlow, P.C., John Barlow's law firm, because Barlow had indicated that the firm had a copy of the Monitronics Agreement. (Dkt. No. 96, Ex. B.) Mitchell & Barlow objected to the subpoena, and ADT filed its motion to compel before Magistrate Judge Kim on March 30, 2012, asking the court both to compel Mitchell & Barlow to comply with the subpoena, and to compel Pinnacle to produce the Monitronics Agreement itself. (Dkt. No. 96.)

| STATEMENT |
|---|

Magistrate Judge Kim denied the motion, holding that it had no jurisdiction over Mitchell & Barlow to enforce the subpoena, which must be enforced in the District of Utah, and that "Plaintiff failed to establish a legitimate basis for compelling Defendant Pinnacle to produce a copy of the Monitronics agreement." (Dkt. No. 130, at 2.) ADT's objections to Magistrate Judge Kim's order no longer seek to compel Mitchell & Barlow's compliance with the subpoena, but instead ask the court only to "reverse Judge Kim's denial of the Monitronics Motion and order Pinnacle to produce the Monitronics Agreement." (Dkt. No. 138, at 14.)

Under the January 19, 2012 amendment to the scheduling order, ADT is entitled to the Monitronics Agreement only if it is related to "the affirmative defense amendments that Pinnacle intends to pursue" or it is a "document identified for the first time during a deposition" and "should have been disclosed previously pursuant to Rules 26, 33 or 34." (Dkt. No. 45 ¶ 9.) Under either exception, ADT must show that its request for the Monitronics Agreement was included in its fourth document request seeking "[a]ll . . . documents . . . that relate to, refer to, or support Defendants' sixteenth affirmative defense of unenforceability." (Dkt. No. 123, at 2.)

Magistrate Judge Kim held that ADT failed to make that showing, both because ADT "referenced its fourth request for production of documents in its reply brief for the first time" and because ADT's "argument that it is entitled to the agreement in response to the fourth request is not persuasive." That holding is neither clearly erroneous nor contrary to law. Magistrate Judge Kim is correct that matters raised for the first time in reply are waived. *Citizens Against Ruining The Env't v. E.P.A.*, 535 F.3d 670, 675 -76 (7th Cir. 2008) ("It is improper for a party to raise new arguments in a reply because it does not give an adversary adequate opportunity to respond."). Because ADT did not identify its fourth request for production of documents as the source of Pinnacle's obligation to turn over the Monitronics Agreement in its initial brief, its reliance on its fourth request is waived. Magistrate Judge Kim therefore need not have considered it, and his statement on the merits that ADT's argument is "not persuasive" is merely dictum that the court need not consider. ADT's objection to Magistrate Judge Kim's ruling on the Monitronics Agreement is overruled.

*James F. Holderman*